**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHAEL B. LAWSON,**

    **Plaintiff,**

vs.                                                              **CASE NO. 4:07CV259-WS/AK**

**CAPTAIN LUKE, et al,,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that excessive force was used against him by Defendant Smith while Defendants Barwick, Flowers and Washington watched and failed to intervene and Defendant Luke took actions to conceal the assault. (Doc. 1). Plaintiff also sues Defendant McQueary claiming that she falsely accused him of threatening her life and caused the assault by telling this lie to Defendant Smith with whom she was having a relationship. (Doc. 1). Defendants Barwick (doc. 40) and McQueary (doc. 41), as joined by Defendant Washington (doc. 53), moved initially for an order to show cause why Plaintiff's claims should not be construed as perjury, (doc. 40), which the Court ordered to be construed as a motion to dismiss. (Doc. 44). Defendant McQueary has also moved for summary judgment, attaching an affidavit from the records department, which shows that Plaintiff has failed to exhaust administrative remedies. (Doc. 59).

Plaintiff was directed to provide additional information about Defendants Luke, Smith and Flowers to assist the Court in serving them, but he failed to respond to the order.  (Doc. 23).  Consequently, the undersigned recommends that these Defendants be dismissed for failure to serve them within 120 days of the filing of the complaint pursuant to Rule 4 (m), Federal Rules of Civil Procedure.

**I.    Allegations of the complaint (doc. 1)**

Plaintiff claims that on December 17, 2006, Defendant McQueary told "staff" that he had threatened to kill her and her boyfriend CO Smith beat him and caused "4 of my front teeth knocked out.  This led to my psychological break down in which I tried to commit suicide." (Doc. 1, p. 8).  Plaintiff repeats this allegation two more times that Smith knocked out four of his front teeth while he was in handcuffs, and that Defendants Barwick, Flowers and Washington stood by and watched.  Plaintiff seeks damages of $100,000.00 "for each tooth that he knocked out of my mouth-for the 4 teeth..." (Doc. 1, p. 9).

**II.    Standard of Review**

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v.

**No. 4:07cv259-WS/AK**

Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).  The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record."  Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or

**No. 4:07cv259-WS/AK**

other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.  Defendants evidence

a) Affidavit of Steven M. Gerlecz, DDS (doc. 40, exhibit A)

Dr. Gerlecz is employed by the DOC as a senior dentist who has worked for the DOC for nearly 18 years and reviewed Plaintiff's dental records which reflect that upon his arrival into the DOC in 2005 he was missing four wisdom teeth, that he had a tooth extracted in 2006 which was a premolar in the upper left quadrant of his mouth, and all other teeth were remaining.

b) Affidavit of Carisa McQueary (doc. 59, Exhibit 1)

Defendant McQueary attests that her first encounter, as she recalls, with Plaintiff was on October 21, 2006, when she was dispensing medication and saw him masturbating in his cell, for which she filed a disciplinary report upon him. She was unaware that he remained angry with her until the filing of this lawsuit. She had no other notable contact with him until December 17, 2006, when she treated him in the emergency room for superficial scratches on his left forearm. He threatened to kill her at this time, which was overheard by Nurse Amy O'Quinn. A disciplinary report was made about this threat. Later she learned that on December 15, 2006, Plaintiff was overheard by Officer Baumgardner threatening "that nurse up in medical" who had lied on him. This threat was reported by Officer Baumgardner and noted in his file, but she was unaware of the threat or that it concerned her particularly. She was not present when Plaintiff was brought into the ER on December 16, 2006, and reported that an

**No. 4:07cv259-WS/AK**

officer had punched and choked him the day before.  The nurse who treated him at that time wrote that he had slight swelling and redness on the inside of his mouth, which could be bite marks, and that he had no marks on his neck.  Plaintiff did not tell Defendant McQueary anything about this when she saw him on December 17, 2006.  She attests that prior to December 17, 2006, she had never heard a threat against her by Plaintiff nor had she reported such a threat to anyone.  She also attests that Officer Smith has never been her boyfriend, she is married with two children, and knew Officer Smith professionally only from her occasional work with him at Taylor CI.

  c) <u>Affidavit of Ryan Baumgardner (Doc. 59, Exhibit 2)</u>

  Mr. Baumgardner attests that he heard Plaintiff say on December 15, 2006, that he was "going to fuck that nurse up in medical for lying on me."  He prepared a disciplinary report worksheet , which is attached, but at the time he did not know which nurse was being referred to nor was he aware that Plaintiff had any personal dislike for any of the nurses.

  d) <u>Affidavit of Terri Roberts (doc. 59, Exhibit 3)</u>

  Ms. Roberts attests that she treated him on December 16, 2006, for slight swelling to the right side of his upper lip with two red marks inside his right upper lip, which she noted were possibly bite marks.  She was aware of his allegations that he had been beaten and choked.  There were no marks or bruising on his neck, and he reported no problems with his teeth.

**No. 4:07cv259-WS/AK**

    e)    <u>Affidavit of Amy Quinn</u>

Ms. Quinn was with Defendant McQueary on December 17, 2006, when McQueary was asking Plaintiff the questions normally asked of patients about their medical condition when he threatened to kill McQueary.

    f)    <u>Affidavit of Maria Valentine</u>

Ms. Valentine reviewed Plaintiff's files and found one grievance dated October 16, 2006, which was responded to on October 30, 2006, but no other grievances were filed by him.

[Although all of the above affidavits refer to medical and other records attached, there are no attachments.]

**IV.    Analysis**

    a)    <u>Exhaustion</u>

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or <u>Bivens</u>. <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. <u>Alexander</u>, 159 F.3d at 1325; *see also* <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all

**No. 4:07cv259-WS/AK**

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

Recently, the Supreme Court upheld the law of the Eleventh Circuit and reaffirmed that the exhaustion requirement of the Prisoner Litigation Reform Act (PLRA) is mandatory and necessary.  Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).  In Woodford, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA, and cited with approval the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that a prisoner must

**No. 4:07cv259-WS/AK**

complete the process as the institution requires, including appeals. Id., at 2384. The policies cited by the Court for making exhaustion mandatory are that it provides prisoners with an effective incentive to use the process, which gives the institution a fair opportunity to correct its own errors; and thereby, reduces the number of prisoner suits and improves the quality of the lawsuits that are filed in federal court. Id., at 2387-2389. The Court also noted that proper exhaustion "often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." Id.

Proof offered by the Defendants establishes that Plaintiff filed no grievances on any of the issues raised in his complaint. Consequently, this case should be dismissed for failure to exhaust.

    b)    <u>Excessive Force</u>

It is also the opinion of the undersigned that Plaintiff fails to state a claim for relief on his excessive force and failure to protect claims. Under the Eighth Amendment force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986), quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973). Liability is not predicated on which officers actually used force and an officer who witnessed an excessive use of force and did not intervene can be held liable. <u>Skrtch v. Thornton</u>, 280 F.3d 1295, 1302 (11th Cir. 2002). A variety of factors are considered in determining whether the force was applied maliciously or

**No. 4:07cv259-WS/AK**

sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used.  Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).  A de minimis use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force.  Hudson, at 7.

There is no proof that Plaintiff suffered anything more than a de minimis injury, even assuming that he was assaulted on December 15, 2006.  The affidavits of persons having reviewed his medical records and who examined him on that date found some marks and slight swelling in his mouth, possibly bite marks, and no treatment was prescribed.  The only injury Plaintiff alleges resulted from the assault is four front teeth being knocked out and his dental records show that his four front teeth are still in his mouth.  Consequently, the undersigned also finds that this case should be dismissed for failure to state a claim.

    c)    Materially False Statements

The Court is considerably disturbed with the clearly false and damaging accusations made by Plaintiff.  Not only has he caused time, money and effort to be expended by the Defendants and the Court in addressing his claims, but he has made serious allegations against Defendant McQueary of lying, causing him to be assaulted, and infidelity.  He has equally smeared the other defendants by alleging that they either participated in an attack so brutal that it caused four teeth to be knocked out of his head or stood by as it was being done without taking any action to stop it.  It is unlikely, even

**No. 4:07cv259-WS/AK**

Case 4:07-cv-00259-WS-AK   Document 63   Filed 12/09/08   Page 10 of 11

Page 10 of 11

in a prison setting, that employees would take lightly to these type of allegations being made against them. Thus, the Court may impose sanctions upon a party who knowingly files a pleading containing false allegations, which includes dismissal. See Rule 11(c), Federal Rules of Civil Procedure, and Hood v. Tompkins, 197 Fed Appx. 818, 819 (11th Cir. 2006). Rather than award monetary sanctions which the Defendants would not be likely to collect, the Court cites this ground as an additional cause for dismissal and for having the docket reflect that this case is frivolous and malicious and constitutes a strike within the meaning of 28 U.S.C. §1915 (g).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions (docs. 40, 41, and 59) be **GRANTED**, and Plaintiff's complaint (doc. 1), be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e); for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2); and as frivolous and malicious, and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and constitutes a "strike."

**IN CHAMBERS** at Gainesville, Florida, this  **9th**  day of December, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**No. 4:07cv259-WS/AK**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:07cv259-WS/AK**